# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

HENRI JEAN-BAPTISTE[1]            *

Plaintiff                        *

v                                *          Civil Action No.  PJM-15-187

SAP, NATIONAL SECURITY SERVICES  *
And CORPORATION TRUST, INC.
                                 *
Defendants

                                 *

                               ***

## MEMORANDUM OPINION

The above-captioned Complaint was filed on January 22, 2015, together with a Motion to Proceed in Forma Pauperis.  ECF 2.  Because he appears indigent, Plaintiff's motion shall be granted.  For the reasons stated below, the Complaint must be dismissed.

Plaintiff Henri Jean-Baptiste is suing his ex-wife's employer because he claims employees of SAP National Security Services ("SAP") conspired with her to falsely charge him with domestic violence and, subsequently, with violating an order of protection resulting in his incarceration and loss of his businesses in 2012.  He further claims the purpose of this conspiracy was to cover up an extra-marital affair his wife was having with her boss and to prevent him from reporting their misconduct which would have resulted in the loss of a large contract they were attempting to win for SAP.  Records submitted with the Complaint as exhibits indicate that Plaintiff's wife alleged he beat her, emotionally abused their children, and threatened to kill her as a result of Plaintiff's unmedicated bi-polar illness.  The Complaint asserts that federal criminal statutes were violated in the process of having Plaintiff charged with domestic violence and

---

[1]  Additional Plaintiffs listed in the caption of the Complaint, Express Services Company, Inc., Express Mortgoge (sic) & Co., and HJB General Contractors are not properly before this Court.  Corporations must be represented by counsel. See Local Rule 101.1(a) (D. Md. 2014).

failure to obey the order of protection. All of the claims of misconduct involve acts of alleged misconduct committed by Plaintiff's ex-wife and her supervisor.  Plaintiff asserts Defendant SAP is liable under a theory of respondeat superior.  He claims negligence, defamation of character, reckless destruction of property, and wrongful prosecution.  ECF 1.  Plaintiff provides no evidence that his criminal conviction has been overturned on appeal or otherwise expunged. *See State of Maryland v. Jean-Baptiste*, Case No. 4D00278324 (D. Md. for Mont. Co.), *see* http://casesearch.courts.state.md.us/inquiry.

Defendant SAP is not a federal agency; rather, it is a private corporation that develops software and provides software-related services which is headquartered in Waldorf, Germany with business locations in multiple states in the United States and in other foreign countries.  *See* www.sap.com.  The claims asserted are state-law claims[2] governed by Maryland law and all conduct alleged occurred in the state of Maryland.  Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005). They "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181, 1193 (2010).

Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp*., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper."

---

[2]  Plaintiff's recitation of federal criminal statutes does not change the analysis.  Plaintiff does not have standing to institute criminal charges against another party, nor does he have a judicially cognizable right to insist on criminal prosecution of a third party.  *See Linda R. v. Richard V*., 410 U.S. 614 (1973) (private citizens lack a judicially cognizable interest in the criminal prosecution of another).

*United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); accord *Hertz*, 130 S.Ct. at 1194; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Where a claim based on state law is asserted, requirements of diversity jurisdiction must be satisfied.  Diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1).  For purposes of diversity, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Supreme Court has made clear that a corporation's principal place of business is the place where "the corporation's high level officers direct, control, and coordinate the corporation's activities[, which is] often metaphorically called ... the corporation's 'nerve center,' " and "will typically be found at [the] corporation's headquarters." *Hertz*, *supra*, 130 S.Ct. at 1186; accord *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 104–07 (4th Cir. 2011).  Where a nominal party is named as a Defendant, this Court may disregard it when determining whether diversity jurisdiction exists.  *See Martin Sales & Processing v. West Virginia Dep't of Energy*, 815 F.Supp. 940, 942 (S.D.W.Va. 1993).

While a corporation may be sued for the tortious conduct of its employees, that conduct must have occurred within the scope of their employment. *See Southern Management Corp. v. Taha*, 378 Md. 461, 480, 836 A.2d, 627 (Md. 2003).  In the instant case, all of the alleged tortious conduct involved allegations of domestic violence in the context of Plaintiff's marriage and his bald assertions that Defendant's employees conspired with her to file criminal charges

against him.    In order to be considered conduct within the scope of employment, "the act must have been in furtherance of the employer's business and authorized by the employer." *Id*. at 481, citing *Sawyer v. Humphries*, 322 Md. 247, 255, 587 A.2d 467 (Md. 1991).   Authorized does not mean "authority expressly conferred, but whether the act was such as was incident to the performance of the duties entrusted to the employee by the employer." *Ennis v. Crenca*, 322 Md. 285, 294, 587 A.2d 485 (Md. 1991).

Plaintiff's claims that his ex-wife was having an affair with her boss and was then encouraged or cajoled into pursuing domestic violence charges to hide the affair, is not conduct attributable to the employer in furtherance of its business.   Defendant SAP is a nominal party only and this Court will disregard its foreign citizenship for purposes of diversity jurisdiction. The Complaint will be dismissed without prejudice by separate Order which follows.

_____/s/_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

February 2, 2015